UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRENDA FORD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-21-JVB-PRC |
| ) | |
| GARY COMMUNITY SCHOOL CORP., ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

On June 21, 2006, the Defendant, Gary Community School Corp., suspended the Plaintiff, Brenda Ford's, employment. The Plaintiff, who is allegedly disabled due to a work related incident, filed suit against the Defendant. The Plaintiff contends that the Defendant violated the Americans with Disabilities Act ("ADA") by suspending her and committed three torts against her.

The Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to challenge the Plaintiff's compliance with the Indiana Tort Claim Act ("ITCA"), the Plaintiff's request for punitive damages, and the Court's exercise of supplemental jurisdiction over the state law claims. Having reviewed the parties briefs and accompanying materials, the Court now denies the Defendant's motion.

**A. Factual and Procedural Background**

The Defendant has employed the Plaintiff as a secretary since August 24, 1978. On January 7, 2000, the Plaintiff suffered a work-related injury that caused nerve and muscle damage to the left-side of her body.

1

On June 9, 2006, the Plaintiff was charged and investigated by the Defendant for the alleged violation of a policy prohibiting the unauthorized procurement and distribution of confidential and investigative documents. The Plaintiff was suspended without pay on June 21, 2006, pending a decision on whether to recommend the termination of the Plaintiff's services to the Board of School Trustees.

On October 16, 2006, the Plaintiff's suspension ended and she returned to work in the substitute capacity. The Plaintiff filed a grievance with her union, which led to her reinstatement with full benefits on November 13, 2006. The Plaintiff returned to work in the full time capacity on December 6, 2006. Overall, the Plaintiff missed six months of full-time employment.

The Plaintiff initiated a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) alleging discrimination and unfair employment practices against the Defendant. The EEOC issued a Notice of Right to Sue on October 26, 2006, advising the Plaintiff that she had ninety days to file suit. The complaint was due on January 24, 2007.

The Plaintiff filed a complaint on January 24, 2007. The complaint alleges that the Defendant engaged in unlawful employment practices in violation of the ADA. The complaint also includes supplemental claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation per se. The Plaintiff requests compensatory damages, punitive damages, interest, costs, and attorney's fees on all counts.

The Defendant filed an answer on April 2, 2007. The Defendant raised an affirmative defense against the tort claims, asserting that the Plaintiff failed to provide the Defendant with a torts claim notice as required by the ITCA.

The Plaintiff issued a torts claim notice ten days later, on April 12, 2007. The Defendant did not respond to the torts claim notice. On August 1, 2007, the Plaintiff moved for leave to amend her complaint, which was granted on October 29, 2007. The Plaintiff filed an amended complaint on November 2, 2007. The only amendment to the complaint was the addition of a sentence indicating that the Plaintiff complied with the ITCA by providing the Defendant with a torts claim notice.

On December 12, 2007, the Defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The Plaintiff responded on January 21, 2008; the Defendant replied on March 10, 2008.

**B. Standard for Evaluating a Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). At a minimum, a plaintiff's complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, a complaint must always allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Just how many facts are enough is an analysis that should be carried out on a case-by-case basis. *Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797 (7th Cir. 2008). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn

3

from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

**C. Discussion**

The Defendant supports its motion to dismiss with two arguments. First, the Defendant contends that the Plaintiff failed to provide a torts claim notice prior to initiating suit, in violation of the ITCA. Second, the Defendant argues that all of the Plaintiff's claims must be dismissed because she requested relief in the form of punitive damages which cannot be recovered under the ITCA or ADA. The Defendant also requests the Court decline the exercise of supplemental jurisdiction over the state law claims. The Court will consider each of these arguments in turn.

**(1)** *Indiana Tort Claim Act*

The Plaintiff alleges three tort claims against the Defendant: intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation per se. Because Gary Community School Corporation is a political subdivision, the Plaintiff's tort claims implicate the ITCA. Ind. Code §§ 34-6-2-110(7), 34-13-3-1, 34-13-3-8. The ITCA provides, in relevant part:

> [A] claim against a political subdivision is barred unless notice is filed with:
>
>   (1) the governing body of that political subdivision; and
>   (2) the Indiana political subdivision risk management commission created under
>       IC 27-1-29;
>
> within one hundred eighty (180) days after the loss occurs.

4

Ind. Code § 34-13-3-8. Furthermore, the government entity must approve or deny the claim within ninety days after the notice is filed. Ind. Code § 34-13-3-11. "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or part." Ind. Code § 34-13-3-13.

At issue here is whether the Plaintiff furnished the Defendant with the requisite torts claim notice before suing the Defendant. The Defendant contends that the Plaintiff initiated the lawsuit on January 24, 2007, through the filing of her original complaint. The Defendant did not receive the requisite torts claim notice until seventy-eight days after the original complaint was filed. Therefore, the Defendant argues that the Plaintiff did not issue a torts claim notice prior to initiating the lawsuit, in violation of the ITCA.

The Defendant points to two cases in support of its argument. In *Bradley v. Eagle Union Comm. Sch. Corp. Bd. Of Sch. Trustees*, 647 N.E.2d 672, 674 (Ind. Ct. App. 1995), the plaintiff failed to provide a torts claim notice before filing a complaint. Upon recognition of the error, the plaintiff provided the defendant with a torts claim notice on the same day that he filed an amended complaint indicating compliance with the ITCA. *Id*. The Indiana Court of Appeals held that the plaintiff's complaint was filed prematurely and dismissed it without prejudice. *Id*. at 676. The court reasoned that at the time the amended complaint was filed, the plaintiff had yet to comply with the ITCA since the defendant was not given ninety days to approve or deny the claim. *Id*. The court further noted that the plaintiff preserved his claim by providing the torts claim notice within the statutory period. *Id*.

In the second case on which the Defendant relies, the plaintiff provided the required torts claim notice after filing a complaint and amended complaint. *Orem v. Ivy Tech State College*,

5

711 N.E.2d 864, 867 (Ind. Ct. App. 1999). The plaintiff did not amend the complaint to show compliance with the ITCA after providing the defendant with a torts claim notice. *Id.* Therefore, the complaint and amended complaint were prematurely filed and the case was dismissed without prejudice. *Id*. at 869–70.

Here, the Plaintiff fully complied with the ITCA prior to amending her complaint. The last incident involving an alleged tort occurred on December 6, 2006. Under the ITCA, the Plaintiff had until June 4, 2007, to provide the Defendant with a torts claim notice. The Plaintiff provided the Defendant with notice on April 12, 2007. Therefore, the notice was provided within the statutory time period.

Under the ITCA, the Defendant had ninety days to approve or deny the Plaintiff's claim. Ind. Code § 34-13-3-11. A political subdivision's failure to respond within ninety days is deemed a denial of the claim. *Id.* After providing the Defendant with a torts claim notice, the Plaintiff attempted to contact the Defendant to resolve the conflict out of court. The Defendant declined and failed to approve or deny the Plaintiff's claim within the ninety days. Therefore, the Plaintiff's claim is deemed denied.

Contrary to the cases on which the Defendant relies, the Plaintiff waited until her tort claims were denied by the Defendant to amend her complaint to show compliance with the ITCA. Therefore, the Plaintiff's amended complaint was not prematurely filed, as she was able to show compliance with both ITCA's torts notice requirement and the ninety day waiting period.

In any case, although the Plaintiff did not give the Defendant a torts claim notice prior to filing her initial complaint, dismissal on this ground would be futile. If the Court were now to

dismiss the Plaintiff's claim, the dismissal would be granted without prejudice. *See Bradley*, 647 N.E.2d at 676; *Orem,* 711 N.E.2d at 870. When a case is dismissed without prejudice, the injured party has the right to reopen the proceedings pursuant to a change in conditions that cures the past defect. *See N. Pac. Ry. Co. v. State of N. Dakota ex rel. McCue*, 216 U.S. 579, 581 (1910). Since the Plaintiff has already cured her failure to comply with the ITCA and amended her complaint indicating so, dismissal without prejudice would serve no purpose. Therefore, the Defendant's motion to dismiss is denied on this claim.

**(2)** *Request for Punitive Damages*

The Defendant next asserts that the Plaintiff's tort and ADA claims should be dismissed with prejudice because the requested relief of punitive damages is unavailable under the ITCA and ADA. However, dismissal on the basis of the Plaintiff's request for punitive damages is unwarranted.[1]

The Defendant points to three cases in support of its argument. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Brownsburg Cmty. Sch. Corp. v. Natare Corp.*, 824 N.E.2d 336 (Ind. 2005); *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006). However, the authorities do not support the Defendant's argument that an entire claim should be dismissed when the Plaintiff requests several forms of relief, one of which is unavailable. The cases on which the Defendant relies barred the recovery of punitive damages, but the request for the unavailable relief did not provide grounds for dismissal. *City of Newport*, 453 U.S. at 271

---

[1] The Plaintiff concedes that the ADA and ITCA prohibit an award of punitive damages. The Plaintiff proposes to submit a second amended complaint to eliminate her request for punitive damages. However, the Court finds this unnecessary, although the Plaintiff will be barred from recovering punitive damages.

(holding that a municipality is immune from punitive damages under 42 U.S.C. § 1983); *Brownsburg*, 824 N.E.2d at 346 (holding that the school corporation could not be held liable for treble damages); *Cantrell*, 849 N.E.2d at 507 (finding that a party is precluded from obtaining punitive damages under the ITCA).

When addressing a motion to dismiss, the Court's task is to assess the legal feasibility of the complaint. *Gibson*, 910 F.2d at 1520. Here, the Defendant has made no allegation that the Plaintiff cannot establish a prima facie case for any of her claims. Furthermore, the Plaintiff has requested other relief in addition to punitive damages. Therefore, it is feasible that the Plaintiff can recover relief other than punitive damages on all of her claims. Accordingly, the Defendant's motion must be denied.

**(3)** *Subject Matter Jurisdiction*

The Defendant asks the Court to decline the exercise of supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(4). The Defendant contends that there are exceptional circumstances and other compelling reasons to deny supplemental jurisdiction.

The Court has jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court has original jurisdiction over the Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331.[2] The Plaintiff alleges that the tort claims arose from the same employment

---

[2] Although the Plaintiff filed an amended complaint outside of the EEOC's ninety-day limitation period, the Court maintains subject matter jurisdiction over this claim. *See Paskuly v. Marshall Field & Co.*, 646 F.2d 1210 (7th Cir. 1981) (holding that the amended complaint relates back to the original complaint in accordance with the EEOC ninety-day right to sue period so long as the amendments arose from the same employment practices as stated in the original complaint).

practices that gave rise to the ADA claim. Therefore, the Court has the authority to exercise supplemental jurisdiction over the tort claims.

While the Defendant contends that exceptional circumstances and compelling reasons provide grounds for denying the exercise of supplemental jurisdiction over the Plaintiff's state law claims, the Defendant has failed to provide any reason or support for this contention. "[A] 'litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.'" *Doe v. Johnson*, 52 F.3d 1448, 1457 (7th Cir. 1995) (quoting *Littlefield v. McGuffey*, 954 F.2d 1337, 1342 (7th Cir. 1992)). Therefore, the Court finds that supplemental jurisdiction is properly exercised over the state law claims.

**D. Conclusion**

The Court DENIES the Defendant's motion to dismiss [DE 38].

SO ORDERED on September 25, 2008.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION